IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRETT C. HENDERSON, | |
| Plaintiff, | Case No. 4:14-CV-373-BLW |
| v. | **MEMORANDUM DECISION** |
| UNITED STATES OF AMERICA | |
| Defendant. | |

## INTRODUCTION

Petitioner Henderson files this motion under 28 U.S.C. § 2255 or, in the

alternative, under 28 U.S.C. § 2241(c)(3). He challenges the sentence he received

following his plea of guilty to possessing, with intent to distribute, methamphetamine.

Habeas Rule 4(b) directs this Court to "promptly" examine the motion after it is filed to

determine if it "plainly appears from the record of prior proceedings that the moving

party is not entitled to relief." If that is the case, the Court "must dismiss the motion."

After conducting that examination, the Court finds that it plainly appears from the record

that Henderson is not entitled to relief, and his petition shall be denied for the reasons

explained below.

## BACKGROUND

Henderson was originally charged with (1) conspiracy to distribute

methamphetamine, and (2) possession with intent to distribute that same drug. On

September 28, 2009, he filed his signed plea agreement, agreeing to plead guilty to the possession with intent to distribute charge only.

On February 9, 2010, the Court sentenced Henderson to 150 months in jail with ten years of supervised release. On April 6, 2010, he appealed his sentence to the Ninth Circuit. The Ninth Circuit dismissed his appeal in an Order filed February 7, 2011, finding that he had waived his right to appeal.

The Ninth Circuit's Mandate issued March 1, 2011, making the decision final and starting the statute of limitations running on any § 2255 petition. Henderson waited more than three years until he filed the Petition now before the Court on September 8, 2014.

In this Petition, Henderson alleges that he should be resentenced without the enhancements that the Court imposed on him, adding four points to his offense level.

## ANALYSIS

**Statute of Limitations**

Under 28 U.S.C. § 2255(f)(1), Henderson had one year from "the date on which the judgment of conviction becomes final" to bring a motion under § 2255. That date was March 1, 2011, when the Ninth Circuit issued its Mandate. Henderson waited over three years to file this Petition, and hence his § 2255 motion is time-barred unless he can show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.' *U.S. v. Castro-Verdugo,* 750 F.3d 1065 (9th Cir. 2014). Henderson identifies nothing of an extraordinary nature that

prevented him from filing his § 2255 for three years, and hence his claims are time-barred.[1]

Henderson also filed his motion under § 2241(c)(3). A federal prisoner may file a habeas petition under § 2241 if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C § 2255(e); *see also Alaimalo v. U.S.,* 645 F.3d 1042, 1049 (9th Cir. 2011). This is called the "savings clause" or "escape hatch" of § 2255. *Alaimalo ,* 645 F.3d at 1049. A petition meets the escape hatch criteria where a petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.* Actual innocence means "factual innocence," and "a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." *Marrero v. Ives,* 682 F.3d 1190, 1192 (9th Cir.2012).

Henderson is trying to establish "actual innocence" by proving he was not eligible for a sentencing enhancement, a claim not recognized in this Circuit. But even if the claim was recognized, the evidence at the sentencing hearing showed conclusively that Henderson was eligible for a two-point enhancement because he distributed drugs in the Madison County Jail. The Court viewed a video of Henderson showing him making furtive movements consistent with hiding drugs in a certain food tray where the drugs

---

[1] To the degree that the Petition contains claims of ineffective assistance of counsel, the same one-year limitations period applies and bars Henderson's claims. *Rodriguez v. Davey,* 2014 WL 5242522 (E.D.Cal. 2014).

were eventually discovered. Moreover, the Court heard testimony from two Detention

Deputies with the Jail, and two detectives, that confirmed what appeared on the video,

that Henderson was distributing those drugs. At the sentencing hearing, Henderson's

counsel raised the same arguments Henderson raises now, and there is nothing new

presented in Henderson's motion.

The evidence at the sentencing hearing also established that Henderson should

receive a second two-point enhancement for his role in the offense. This evidence was

supplied by the testimony of his accomplice, Samantha Linehan. Henderson argues that

she was not credible – the same argument his counsel raised at the hearing – but the

Court found her credible, and her testimony supported the enhancement.

For all of these reasons, the Court finds that Henderson has failed to show actual

innocence. Moreover, he has not demonstrated that he was obstructed in his effort to set

forth his claim. He has failed to show a change in the law or some other event that

constitutes sufficient obstruction. *See Harrison v. Ollison,* 519 F.3d 952, 960 (9th

Cir.2008). Accordingly, following the review required by Habeas Rule 4(a), the Petition

must be denied, whether it is considered under § 2255 or § 2241(c)(3).

## Certificate of Appealability

Habeas Rule 11(a) states that this Court "must issue or deny a certificate of

appealability (COA) when it enters a final order adverse to the applicant." A COA may

issue only if the applicant makes a substantial showing of the denial of a constitutional

right. 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that

reasonable jurists could debate whether the petition should have been resolved in a

**Memorandum Decision & Order – page 4**

different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would all agree that the Petition is meritless. For that reason, the Court will deny the COA.

## **Judgment**

Habeas Rule 12 states that the Federal Rules of Civil Procedure are generally applicable to these proceedings. Rule 58(a) requires the Court to enter a Judgment separate from this Memorandum Decision. The Court will therefore issue a separate Judgment denying both the Petition and the COA.

DATED: January 5, 2015

B. Lynn Winmill
Chief Judge
United States District Court